**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**ETHEL MARIE ADAMS ET AL**          **CASE NO. 6:24-CV-00950**

**VERSUS**                           **JUDGE S. MAURICE HICKS, JR.**

**EMILY MIRE ET AL**                 **MAGISTRATE JUDGE CAROL B. WHITEHURST**

**EMILY MIRE'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFFS'**
**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes the defendant, EMILY MIRE (hereinafter "Emily Mire"), and in response to the *Amended and Restated Complaint* ("Complaint") of the plaintiffs, ETHEL "MARIE" WIFE OF/AND KENNETH ADAMS ON BEHALF OF MINOR JANE DOE, denies each and every allegation contained therein, except those which are hereinafter specifically admitted.  Further answering the several allegations of the Complaint, Emily Mire avers on information and belief as follows:

**AFFIRMATIVE DEFENSES**

Emily Mire would affirmatively allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

This Court does not have jurisdiction over the subject matter.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

At all times relevant herein, Emily Mire, as well as any and all individuals for whose behavior she is or may be legally responsible, acted in a reasonable and proper manner, and she fully complied with any and all legal duties and standards of care imposed by law and applicable to them.

## FOURTH AFFIRMATIVE DEFENSE

The alleged accident or incident and the alleged damages of plaintiffs, if any, were not caused by any fault, negligence, and/or liability attributable to Emily Mire, but instead were caused by or can be imputed to the fault and/or negligence of plaintiffs in the following non-exclusive particulars:

(a)    Failing to do what should have been done;

(b)    Failing to see what should have been seen;

(c)    Failing to act as reasonable persons under the circumstances;

(d)    Failing to exercise due care for their own safety;

(e)    Failing to avoid their own injury; and

(f)    Any other acts and/or omissions which may be shown at the trial of this matter.

## FIFTH AFFIRMATIVE DEFENSE

Emily Mire does specifically aver that she was in no way guilty of any negligence, fault or strict liability which could be considered a proximate cause of the accident or damages alleged by the plaintiffs and that no negligence, fault or strict liability can be imputed to him.

## SIXTH AFFIRMATIVE DEFENSE

Emily Mire would aver that the proximate cause of the accident and/or damages alleged by the plaintiffs resulted and/or can be imputed to the fault of a third person and/or victim fault.

## SEVENTH AFFIRMATIVE DEFENSE

Emily Mire would aver that the plaintiffs were themselves guilty and/or can be imputed with comparative negligence/assumption of the risk, which comparative negligence/assumption of the risk is a complete bar to the recovery of the plaintiffs and/or in the alternative that the plaintiffs failed to mitigate their damages and/or that their damages should be reduced by the percentage of comparative negligence attributable to them and/or imputed to them.

**EIGHTH AFFIRMATIVE DEFENSE**

Emily Mire specifically avers any and all affirmative defenses specifically enumerated in Louisiana Code of Civil Procedure Article 1005 which are applicable to this case and/or any and all other affirmative defenses recognized by this jurisprudence, and these are pled herein as if copied herein *in extenso* to the extent they apply; and specifically, La. R.S. 9:2800.10 (felony perpetrator); La. R.S. 9:2792.4 (political subdivision immunity); La. R.S. 9:2798.1 (public official immunity); La. R.S. 13:5105; La. R.S. 13:5106; La. R.S. 13:5112; La. R.S. 42:1441 (political subdivision immunity), *et seq.*; La. R.S. 9:2793.11 (limitation of liability for peace officers performing their duties); and La. C.Cr.P. art. 201-232 as to any specific state law claims, if applicable.

**NINTH AFFIRMATIVE DEFENSE**

Emily Mire would also plead the defenses of prescription; unavoidable accident; aggressor doctrine; compromise; indemnity; division; release or forgiveness of a debt due to solidary and/or joint obligors; set-off; write-offs and credits, including those recognized by *Hoffman vs. 21st Century North America Insurance*, 2014-2279 (La. 10/2/15), 2015 WL 5776131, *Bozeman v. State,* 03-1016 (La. 7/2/04); 879 So.2d 692, and *Simmons v. Cornerstone Investments, LLC,* 2018-0735 (La. 5/8/19); 282 So.3d 199; lack of mitigation of damages; absolute, discretionary and/or qualified immunity pursuant to *Heather Lehman, et al vs. Cheryl M. Leichliter, et al*, No. 07-30405, _____ F.3d _____ (5th Cir. 5/27/08); good faith; probable cause; public duty doctrine; assumption of the risk; contribution; and/or lack of liability pursuant to *Monell vs. Department of Social Services*, 436 U. S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE**

Emily Mire specifically pleads a credit or offset for any liability of any and all other defendants or potential defendants in this matter as of the date of judgment and with regard to any and all insurance proceeds collectible as a result of that liability.

## ELEVENTH AFFIRMATIVE DEFENSE

Emily Mire would also aver that the plaintiffs should not recover for any payments, injuries, or damages which result from pre-existing or subsequent conditions which were not proximately caused by this incident.  Emily Mire cannot be held liable for such damages to the extent they were sustained in other accidents or incidents.

## TWELFTH AFFIRMATIVE DEFENSE

Emily Mire avers that if the plaintiffs' suit is found to be frivolous under 42 U.S.C. § 1983, Emily Mire would thereby be entitled under U.S.C. § 1988, to her attorney's fees, expert fees, and costs she has and will incur in defending this action through Rule 50 or 52(c) motion pursuant to the Federal Rules of Civil Procedure and/or through trial and specifically requests the Court to leave the note of evidence open in this case so that evidence of all attorney's fees and costs may be submitted to this Court.

## THIRTEENTH AFFIRMATIVE DEFENSE

Emily Mire pleads the limitation on legal interest and court costs in accordance with La. R.S. 13:5112 as to any specific state law claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Louisiana Code of Civil Procedure article 863 is pled herein in order to recover sanctions, attorney's fees, and costs should the allegations of any state law cause of action be found to be unfounded, uninvestigated, or frivolous as to any specific state law claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiffs may not recover punitive damages or penalties against Emily Mire sued in her official capacity and cannot recover due to Emily Mire's inability to pay.

## SIXTEENTH AFFIRMATIVE DEFENSE

In the event, and solely in the event, that Emily Mire sued in her individual capacity is found liable

for punitive damages or penalties, all of which is at all times specifically denied, Emily Mire avers that the plaintiffs' claims for punitive damages against her barred by the equal protection, excess fines, due process, and cruel and unusual punishment clauses of the United States and Louisiana constitutions and, as such, are null and void.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Emily Mire denies liability for any award of punitive, penalty or exemplary damages, because under the current rules governing discovery and trial practices, current evidentiary rules, and current vague substantive standards, such an award would violate Emily Mire's rights under U. S. Const. art. I, §§ 8, 9, 10, amendments IV, V, VI, VIII and XIV. In particular, Emily Mire denies liability for exemplary damages because:

(a)    There is no standard of sufficient clarity to guide the jury in determining whether to award exemplary damages, or the amount of punitive or exemplary damages to be awarded;

(b)    The jury is not instructed on the limits on punitive or exemplary damages imposed by the applicable principles of deterrence and punishment;

(c)    The jury is not expressly prohibited from awarding punitive or exemplary damages, or from determining the amount of an award of punitive or exemplary damages, in whole or in part, on the basis of discriminatory characteristics such as Emily Mire's wealth;

(d)    The jury does not receive sufficient instruction to avoid awarding excessive and disproportionate punitive or exemplary damages;

(e)    The standard for determining liability or punitive or exemplary damages is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive or exemplary damages permissible;

(f)    The jury is permitted to award punitive or exemplary damages on the decision of only ten jurors, rather than a unanimous vote; and

(g)    The award of punitive or exemplary damages is not subject to judicial review based on objective standards.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Emily Mire affirmatively asserts that the plaintiffs have no right to recover for any amounts written off or contractually adjusted by any health care provider because of that provider's receipt of Medicare and/or Medicaid payments for plaintiffs' medical treatment.

## NINETEENTH AFFIRMATIVE DEFENSE

It is further affirmatively pled that the plaintiffs have no right of action to recover any amounts paid by Medicare and/or Medicaid as the rights to recover those payments have been assigned by them and by operation of law to Medicare and/or Medicaid.

## TWENTIETH AFFIRMATIVE DEFENSE

Emily Mire further affirmatively asserts that if any payments were made by Medicaid or if any medical treatment was provided by any state medical or health care provider or if any medical treatment was paid for by any state agency or department that any right to recover those payments or any obligation created on the part of this defendant for those payments or treatments have been extinguished by confusion.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to legal interest against Emily Mire.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

It is affirmatively averred that the plaintiffs have or may have received payments of medical expenses under a policy or policies of health, accident, workers' compensation, or medical and/or hospitalization insurance, Medicare or Medicaid benefits, and/or at a charity hospital and have subrogated their rights and/or claims for payment of said expenses to the person, firm, corporation, or other legal entity issuing a policy or extending such benefits and, therefore, have no right of action against Emily Mire for the amounts so paid.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiffs were never convicted inmates, and the 8th Amendment applies only to convicted inmates not to the purported actions/inactions of Emily Mire. See *Morin vs. Caire*, 77 F.3d 116 (5th Cir. 1996).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Emily Mire would also plead the defenses of qualified immunity pursuant to *Moresi v. State of Louisiana, Through the Department of Wildlife and Fisheries, et al.*, 567 So.2d 1081 (La. 1990) to all claims for violations of the Louisiana State Constitution of 1974, including but not limited to claims under LSA - Const. Art. I § 2, LSA - Const. Art. I § 5, and LSA - Const. Art. I § 20. Government officials are entitled to qualified immunity when performing discretionary functions. *McManus v. State of La., Dep't of Wildlife and Fisheries*, 09-1158 (La.App. 3 Cir. 3/10/10), 33 So.3d 412, writ denied, 10-816 (La. 6/18/10), 38 So.3d 323; *Jackson v. State of La., Dep't of Corrs.*, 00-2882 (La. 5/15/01), 785 So.2d 803.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

At all times relevant herein, Emily Mire, as well as any and all individuals for whose behavior she is or may be legally responsible, acted in a reasonable and proper manner, and they fully complied with any and all legal duties and standards of care imposed by law and applicable to them.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to mitigate any damages that they may have suffered, despite a legal duty to do so as a private individual.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of Federal Rule of Civil Procedure 10(c), Emily Mire adopts by reference all defenses and affirmative defenses of other parties herein that seek to defeat or diminish the plaintiff's claims to the extent that those defenses and affirmative defenses are consistent with the facts

and circumstances pertinent to Emily Mire.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Emily Mire reserves her right to amend this answer at any time prior to trial or within the appropriate delays as the Court may fix to assert other affirmative defenses which may be discovered to be applicable in this matter.

## ANSWER TO COMPLAINT

1.

The allegations of Paragraph titled "Nature of the Action" of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein insofar as they relate to Emily Mire.

2.

The allegations of Paragraph 2 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein insofar as they relate to Emily Mire.

3.

The allegations of Paragraph 2 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

4.

In response to the allegations of Paragraph 3 of the plaintiffs' Complaint, it is admitted Emily Mire has been named as a defendant. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 4 of the plaintiffs' Complaint do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 5 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein insofar as they relate to Emily Mire.

7.

The allegations of Paragraph 6 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein insofar as they relate to Emily Mire.

8.

In response to the allegations of Paragraph 7 of the plaintiffs' Complaint, it is admitted Emily Mire has been named as a defendant. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 8 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied insofar as they relate to Emily Mire.

10.

The allegations of Paragraph 9 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

11.

The allegations of Paragraph 10 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 11 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 12 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 13 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 14 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

16.

The allegations of Paragraph 15 of the plaintiffs' Complaint are denied insofar as they relate to

Emily Mire.

17.

The allegations of Paragraph 16 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 17 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 18 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 19 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 20 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 21 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied insofar as they relate to Emily Mire.

23.

The allegations of Paragraph 22 of the plaintiffs' Complaint are denied for lack of sufficient

information to justify a belief therein.

24.

The allegations of Paragraph 23 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 24 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 25 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 26 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

28.

The allegations of Paragraph 27 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 28 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 29 of the plaintiffs' Complaint are denied for lack of sufficient

information to justify a belief therein.

31.

The allegations of Paragraph 30 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 31 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 32 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

34

The allegations of Paragraph 33 of the plaintiffs' Complaint are denied.

35.

The allegations of Paragraph 34 of the plaintiffs' Complaint are denied.

36.

The allegations of Paragraph 35 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 36 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 37 of the plaintiffs' Complaint are denied for lack of sufficient

information to justify a belief therein.

39.

In response to the allegations of Paragraph 38 of the plaintiffs' Complaint, any wrongdoing on Emily Mire's part is expressly denied. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph 39 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 40 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of Paragraph 41 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 42 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 43 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 44 of the plaintiffs' Complaint are denied for lack of sufficient

information to justify a belief therein.

46.

The allegations of Paragraph 45 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

47.

The allegations of Paragraph 46 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph 47 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 48 of the plaintiffs' Complaint state legal conclusions that do not require an answer by Emily Mire.  To the extent insurance coverage is available, the insurance or indemnity agreement policy  is a written instrument, subject to its own term, contents, and exclusions.

50.

In response to the allegations of Paragraph 49 of the plaintiffs' Complaint, Emily Mire reiterates all claims defenses, denials, exceptions, and affirmative defenses set forth in the foregoing paragraphs. Emily Mire also hereby reiterates all claims defenses, denials, exceptions, and affirmative defenses as if set forth in full herein.

51.

The allegations of Paragraph 50 of the plaintiffs' Complaint state legal conclusions and/or mixed statements of law and fact that do not require an answer by Emily Mire.

52.

The allegations of Paragraph 51 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

53.

The allegations of Paragraph 52 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

54.

The allegations of Paragraph 53 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

55.

The allegations of Paragraph 54 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

56.

In response to the allegations of Paragraph 55 of the plaintiffs' Complaint, Emily Mire reiterates all claims defenses, denials, exceptions, and affirmative defenses set forth in the foregoing paragraphs. Emily Mire also hereby reiterates all claims defenses, denials, exceptions, and affirmative defenses as if set forth in full herein.

57.

The allegations of Paragraph 56 of the plaintiffs' Complaint state legal conclusions and/or mixed statements of law and fact that do not require an answer by Emily Mire.

58.

The allegations of Paragraph 57 of the plaintiffs' Complaint are denied.

59.

The allegations of Paragraph 58 of the plaintiffs' Complaint are denied.

60.

The allegations of Paragraph 59 of the plaintiffs' Complaint do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

61.

In response to the allegations of Paragraph 60 of the plaintiffs' Complaint, Emily Mire reiterates all claims defenses, denials, exceptions, and affirmative defenses set forth in the foregoing paragraphs. Emily Mire also hereby reiterates all claims defenses, denials, exceptions, and affirmative defenses as if set forth in full herein.

62.

The allegations of Paragraph 61 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied insofar as they relate to Emily Mire.

63.

The allegations of Paragraph 62 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied.

64.

The allegations of Paragraph 63 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied.

65.

The allegations of Paragraph 64 of the plaintiffs' Complaint are denied.

66.

In response to the allegations of Paragraph 65 of the plaintiffs' Complaint, Emily Mire reiterates all claims defenses, denials, exceptions, and affirmative defenses set forth in the foregoing paragraphs. Emily Mire also hereby reiterates all claims defenses, denials, exceptions, and affirmative defenses as if set forth in full herein.

67.

The allegations of Paragraph 66 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

68.

The allegations of Paragraph 67 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

69.

The allegations of Paragraph 68 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

70.

The allegations of Paragraph 69 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied.

71.

The allegations of Paragraph 70 of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

72.

The allegations of Paragraph 71 of the plaintiffs' Complaint are denied.

73.

The allegations of Paragraph 72 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied insofar as they relate to Emily Mire.

74.

The allegations of Paragraph 73 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied insofar as they relate to Emily Mire.

75.

The allegations of Paragraph 74 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

76.

The allegations of Paragraph 75 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

77.

The allegations of Paragraph 76 of the plaintiffs' Complaint are denied.

78.

The allegations of Paragraph 77 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

79.

The allegations of Paragraph 78 of the plaintiffs' Complaint state conclusions of law and/or mixed

statements of law and fact that do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied insofar as they relate to Emily Mire.

80.

The allegations of Paragraph 79 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

81.

The allegations of Paragraph 80 of the plaintiffs' Complaint are denied insofar as they relate to Emily Mire.

82.

In response to the allegations of Paragraph 81 of the plaintiffs' Complaint, Emily Mire reiterates all claims defenses, denials, exceptions, and affirmative defenses set forth in the foregoing paragraphs. Emily Mire also hereby reiterates all claims defenses, denials, exceptions, and affirmative defenses as if set forth in full herein.

83.

The allegations of Paragraph 82 of the plaintiffs' Complaint do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

84.

The allegations of Paragraph 83 of the plaintiffs' Complaint do not require an answer by Emily Mire. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

85.

In response to the allegations of Paragraph 84 of the plaintiffs' Complaint, Emily Mire reiterates

all claims defenses, denials, exceptions, and affirmative defenses set forth in the foregoing paragraphs. Emily Mire also hereby reiterates all claims defenses, denials, exceptions, and affirmative defenses as if set forth in full herein.

86.

The allegations of Paragraph 85 of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are for lack of sufficient information to justify a belief therein.

87.

The allegations of Paragraph 86 of the plaintiffs' Complaint do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

88.

The allegations of Paragraph titled "Damages" are denied for lack of sufficient information to justify a belief therein.

89.

The allegations of Paragraph titled "Demand for Punitive Damage" of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied insofar as they relate to Emily Mire.

90.

The allegations of Paragraph titled "Jury Demand" of the plaintiffs' Complaint state conclusions of law and/or mixed statements of law and fact that do not require an answer by Emily Mire.  To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

91.

Out of abundance of caution, the allegations of the paragraph beginning "Wherefore" of the plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

WHEREFORE, the defendant, Emily Mire, prays that this answer be deemed good and sufficient and that after all due proceedings are had herein there be judgment in her favor and against the plaintiffs, dismissing the plaintiffs' demands with full prejudice and at the plaintiffs' sole cost, and for all general and equitable relief, etc.

Respectfully submitted,

NEUNER·PATE

/s/ Jason T. Reed
JASON T. REED (#28733)
jreed@neunerpate.com
COLLYN M. DUBOSE - #40347
cdubose@neunerpate.com
One Petroleum Center, Suite 200
1001 West Pinhook Road (zip 70503)
Post Office Drawer 52828
Lafayette, LA  70505-2828
Telephone: (337) 237-7000
Facsimile: (337) 233-9450
*Counsel for Emily Mire*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record via the Court's electronic filing system.

Lafayette, Louisiana, this day 6th of September 2024.

_____
/s/ Jason T. Reed
**COUNSEL**