**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

ETHEL MARIE ADAMS ET AL                CASE NO.  6:24-CV-00950

VERSUS                                                JUDGE HICKS

WAYNE WELSH ET AL                        MAGISTRATE JUDGE WHITEHURST

## SCHEDULING ORDER

The following case-specific deadlines are hereby set in accordance with Fed. R. Civ. P. 16(b):

| | |
|---|---|
| JURY TRIAL: | March 8, 2027 at 9:30 a.m. in Lafayette before JUDGE S. Maurice Hicks, Jr. (Counsel shall report to the judge's chambers thirty minutes prior to the start of trial.) |
| PRETRIAL CONFERENCE ("PTC"): | February 16, 2027 at 2:00 p.m. in chambers in Lafayette before JUDGE S. Maurice Hicks, Jr.. |

---

PRETRIAL DEADLINES:            FOR:

6/3/2026
21 days after the date of
the scheduling order

1. **Initial Disclosures.** *See* Fed. R. Civ. P. 26(a)(1). Under Rule 26(a)(1)(D), "A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined. . . ."

6/8/2026
25 days after the date of
the scheduling order

2. **Rule 26(f) Conference of Parties.** *See* Fed. R. Civ. P. 26(f).  Note:  No discovery may take place before the conference absent agreement of the parties or court order. Fed. R. Civ. P. 26(d)(1).

7/1/2026
49 days after the date of
the scheduling order

3. **Rule 26(f) Report to Court.**  The format for this report is available at http://www.lawd.uscourts.gov and Fed. R. Civ. P. 26(f).

| | | |
|---|---|---|
| 8/20/2026<br>180 days before the PTC | 4. | **Joinder of Parties and Amendment of Pleadings.** *See* Fed. R. Civ. P. 14 and 15. |
| Within five days of receipt | 5. | **Copies of Reports of Treating Physicians.** Copies of such reports are to be furnished to opposing counsel, not filed in the record. This Court need not be notified when such reports are furnished. |
| 7/21/2026<br>210 days before the PTC | 6. | **Plaintiff's Expert Information/Reports.** *See* Fed. R. Civ. P. 26(a)(2)(B). Counsel are cautioned that experts will not be allowed to testify regarding material not contained within their reports. |
| 8/20/2026<br>180 days before the PTC | 7. | **Defendant's Expert Information/Reports.** *See* Fed. R. Civ. P. 26(a)(2)(B). Counsel are cautioned that experts will not be allowed to testify regarding material not contained within their reports. |
| 9/21/2026<br>150 days before the PTC | 8. | **Discovery Deadline.** This is the deadline for all discovery including the production of surveillance evidence. Leave of court must be obtained before taking the deposition of surveillant. |
| 10/19/2026<br>120 days before the PTC | 9. | **Dispositive Motions.** Dispositive motions must be filed by this date. |
| 10/19/2026<br>120 days before the PTC | 10. | ***Daubert* Motions.** *Daubert* motions must be filed by this date. *Daubert* motions are challenges to expert testimony and exhibits or demonstrative aids based upon grounds that they are not relevant or reliable under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). |
| 1/19/2027<br>30 days before the PTC | 11. | **Motions in Limine.** Motions in limine must be filed by this date. Any response must be filed within seven (7) days. |
| 1/19/2027<br>30 days before the PTC | 12. | **Meeting of Counsel to Complete the Pretrial Order.** This meeting must include all TRIAL counsel, but may be by telephone unless otherwise ordered by this Court. |
| 2/2/2027<br>14 days before the PTC | 13. | **Joint Pretrial Order.** The joint pretrial order (and all required attachments) must be filed with the Clerk of Court |

by this date.  The format for this report is attached and is also available at http://www.lawd.uscourts.gov and Fed. R. Civ. P. 26(a)(3).  A copy of the pretrial order (and all required attachments) must be submitted via e-mail to Judge Hicks at motions_hicks@lawd.uscourts.gov  in either Word or WordPerfect format.

For Jury Trials:
a.  A single jointly-submitted set of jury instructions and a single jointly-submitted jury interrogatory form must be attached to the pretrial order.
b.  Any dispute concerning a jury instruction or interrogatory must be noted, with proper page-specific cites to the jurisprudence being relied upon to support each party's position.  If the dispute is one of fact to be proven at trial, the fact at issue shall be identified, and the language for an instruction supporting each factual scenario shall be attached noting its application to that fact, if found.  The parties must be prepared to discuss disputes as to jury instructions and jury interrogatories at the pretrial conference.
c.  Counsel shall not duplicate this Court's boilerplate jury instructions.  Copies will be provided upon request.
d.  Jury instructions taken from the Fifth Circuit Pattern Instructions may be identified by number only and citation to the edition of the volume used.
e.  Proposed voir dire questions specific to a party or issue must be attached to the pretrial order.

For Bench Trials:
Each party's proposed findings of fact and conclusions of law, with page-specific citations for supporting jurisprudence as to each claim, remedy, defense, and allegation must be attached to the pretrial order.

2/2/2027
14 days before the PTC

14.  **Bench Books.**  The parties shall deliver two bench books to Judge Hicks' chambers for use by the judge and law clerk at trial.  The bench books should be tabbed and indexed with a cover sheet on which each party is to state all objections to the admissibility of exhibits.  A third copy of the bench book shall be placed at the witness stand on

the morning of the trial for use by testifying witnesses. The original exhibits must be entered into evidence at trial. After trial, the exhibits actually admitted must also be submitted on CD-ROM.

| | | |
|---|---|---|
| 2/2/2027<br>14 days before the PTC | 15. | **Trial Depositions.** All depositions to be used at trial, including video depositions, shall be edited to remove nonessential, repetitious, and unnecessary material as well as objections and colloquy of counsel. The edited depositions shall be included in the bench books. Objections to deposition testimony will be waived unless submitted along with the deposition transcripts. |
| 2/22/2027<br>14 days before the Trial | 16. | **Real-time Glossary:** The real time glossary must be submitted to lawd_realtime@lawd.uscourts.gov 14 days before trial regardless of whether you are requesting real-time reporting services. See Court Reporters & Transcripts | Western District of Louisiana | United States District Court for an example.<br><br>**Real-time reporting services:** Requests for uncertified, real-time translation services must also be submitted to lawd_realtime@lawd.uscourts.gov 14 days before trial. |
| 2/9/2027<br>7 days before the PTC | 17. | **Affirmation of Settlement Discussions.** The affirmation must be filed with the Clerk of Court by this date. |

A copy of any dispositive motions, *Daubert* motions, or motions in limine, as well as a copy of the pretrial order (with all required attachments) shall be **e-mailed to Judge Hicks** at motions_hicks@lawd.uscourts.gov in either Word or WordPerfect format.

All matters that must be exchanged among counsel must be exchanged by hand delivery or certified mail, unless all counsel agree otherwise, IN WRITING, or unless this Court orders otherwise.

All deadlines in this order are case specific and override any deadlines for the same matter found in an applicable rule of civil procedure. All other deadlines in the Federal Rules of Civil Procedure shall govern this case and shall be enforced by this Court. Counsel should note Rule 26 and Rule 37(c)(1).

This Court will enforce Fed. R. Civ. P. 30, particularly Rule 30(a)(2)(A) (the ten-deposition rule) and Rule 30(d)(1) (the rule limiting depositions to one day/seven hours), absent written stipulation of the parties or court order.  This Court shall enforce Rule 26 unless changed by this case-specific order or by subsequent court order.

Signed at Lafayette, Louisiana, on this 13th day of May, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE
800 LAFAYETTE STREET, SUITE 3400
LAFAYETTE, LA 70501
(337) 593-5160

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**ETHEL MARIE ADAMS ET AL**                    **CASE NO.  6:24-CV-00950**

**VERSUS**                                                       **JUDGE HICKS**

**WAYNE WELSH ET AL**                          **MAGISTRATE JUDGE WHITEHURST**

## PRETRIAL ORDER

Trial Date:                              March 8, 2027

Pretrial Conference Date:          February 16, 2027 at 2:00 p.m.

Type of Trial:                          JURY

Estimated Length of Trial:          _____ days

Trial Attorney Attending:                    Party/Claim Represented:

_____          _____
_____          _____
_____          _____

1.      **Jurisdictional Basis**

2.      **Claims and Responses**

3.      **Issues of Fact and Issue of Law**

-2-

**4.** **<u>Stipulations</u>**

**5.** **<u>Will Call Witnesses</u>**

**6.** **<u>May Call Witnesses</u>**

**7.** **<u>Exhibits</u>**

**8.** **<u>Objections to Witness and Exhibit Lists</u>**

**9.** **<u>Counsel Affirmations</u>**

_____         _____
       (Date)                                   (Signature of Counsel)

_____         _____
       (Date)                                   (Signature of Counsel)

_____         _____
       (Date)                                   (Signature of Counsel)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing joint status report was filed electronically with the Clerk of Court using the CM/ECF system and has been served upon counsel for all parties to this proceeding via electronic filing notification, facsimile, and/or first class United States mail, properly addressed, postage prepaid, at the last known address.

Signed at _____, Louisiana, on this _____ day of _____ 2026.

_____
                        (Signature of counsel)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**ETHEL MARIE ADAMS ET AL**                    **CASE NO.  6:24-CV-00950**

**VERSUS**                                               **JUDGE HICKS**

**WAYNE WELSH ET AL**                          **MAGISTRATE JUDGE WHITEHURST**

## <u>ORDER</u>

Having reviewed the joint pretrial order submitted by parties and having found it complete,

IT IS ORDERED that the joint pretrial order is approved and adopted by the Court.

Signed at _____, Louisiana on this _____ day of _____ 2026.


_____
S. MAURICE HICKS, JR.
UNITED STATES JUDGE

-2-

# PRETRIAL ORDER REQUIREMENTS

## United States District JUDGE S. Maurice Hicks, Jr.

1.    **Jurisdictional Basis.**

The jurisdictional basis for all claims shall be explained.

2.    **Claims and Responses.**

Any party asserting a claim shall identify the following, as to each claim: (1) the law and any contractual provision supporting the claim; (b) the remedy prayed for as to each defendant; and (c) the law supporting that remedy as to that defendant. This requirement applies to all counterclaims, cross-claims, third-party claims, and interventions, and the parties shall state whether they have stipulated to any intervention.

Each party against whom a claim has been asserted shall provide the following information: (a) the basis or lack thereof for each claim; (b) all affirmative defenses asserted and the legal bases therefor; (c) whether the dispute in question is one of law, fact, or contractual interpretation; and (d) the law supporting the responses.

If a bench trial is scheduled, the information regarding claims and responses contained in this section shall be supplemented by page-specific citations to supporting jurisprudence as to each claim, remedy, defense, and allegation.

FAILURE TO INCLUDE A CLAIM OR DEFENSE IN THIS ORDER WILL CONSTITUTE ABANDONMENT OF THE CLAIM OR DEFENSE.

3.    **Issues of Fact and Issues of Law.**

Identify any TRUE issues of fact or law that remain unresolved as of the pretrial conference.

4.    **Stipulations.**

List any matters to which the parties have stipulated.  Counsel are encouraged to stipulate to as many factual and legal issues as possible in the interest of reducing costs and delays at trial.  If the matter will be tried to a jury, counsel shall state whether the stipulations are to be read to the jury.

5.    **Will Call Witnesses.**

Each party shall list those witnesses who definitely will be called to testify at trial.  Pursuant to this Court's authority under Fed. R. Civ. P. 16 to modify its scheduling order, the parties are required to provide a will call witness list.

6.    **May Call Witnesses.**

Each party shall set out a witness list that conforms to the requirements of Fed. R. Civ. P. 26(a)(3)(A) and (B).

7.    **Exhibits.**

Each party shall set out an exhibit list that conforms to the requirements of Fed. R. Civ. P. 26(a)(3)(A)(iii).  Pursuant to this Court's authority under Fed. R. Civ. P. 16 to modify its scheduling order, the parties are required to provide an exhibit list that reflects only those exhibits that will be presented at trial.

8.    **Objections to Witness and Exhibit Lists.**

Each party shall list any objections to the witness or exhibits lists of another party, including those objections contained in Fed. R. Civ. P. 26(a)(3)(B).  ANY OBJECTIONS NOT SPECIFICALLY STATED IN THE PRETRIAL ORDER ARE DEEMED WAIVED UNLESS EXCUSED BY THE COURT FOR GOOD CAUSE SHOWN.  If an exhibit has been objected to, a copy of the disputed exhibit must be made available for review at the pretrial conference.

9.    **Counsel Affirmations.**

Counsel for each party shall affirm:

a.     That he or she is aware that exhibits are to be published to the jury by way of CD-ROM or the Visual Presenter unless consent of this Court is obtained upon a showing of impracticality or prejudice.

b.     That he or she is familiar with the Visual Presenter and its operation or note the date he or she has scheduled with this Court's Courtroom Deputy for training.

c.     That good faith settlement negotiations have been engaged in within one week prior to the pretrial conference.

d.     The need, if any, for handicap provisions that are provided by the Court.